Rosenstein v Permanent Mission of the Republic of Sierra Leone to the United Nations & the Republic of Sierra Leone (2023 NY Slip Op 03317)

Rosenstein v Permanent Mission of the Republic of Sierra Leone to the United Nations & the Republic of Sierra Leone

2023 NY Slip Op 03317

Decided on June 20, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 20, 2023

Before: Webber, J.P., Oing, Gesmer, González, Pitt-Burke, JJ. 

Index No. 155800/22 Appeal No. 507 Case No. 2023-01241 

[*1]Samantha Rosenstein, Plaintiff-Appellant,
v
Permanent Mission of the Republic of Sierra Leone to the United Nations and the Republic of Sierra Leone, Defendants-Respondents, The City of New York, Defendant.

Hasapidis Law Offices, South Salem (Annette G. Hasapidis of counsel), and Abend & Silber, PLLC, New York (Josh Silber of counsel), for appellant.

Amended order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about January 31, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for a default judgment against defendants Permanent Mission of the Republic of Sierra Leone to the United Nations and the Republic of Sierra Leone (Sierra Leone defendants), unanimously reversed, on the law, without costs, and the motion granted to the extent of granting plaintiff a default judgment on liability against those defendants and remanding the case to Supreme Court to conduct an inquest on damages.
The court improperly denied plaintiff's motion for a default judgment (CPLR 3215[f]) on the ground that the verified complaint did not sufficiently allege the facts constituting the claim. A party seeking a default judgment must submit proof of service of the summons and the complaint and "proof of the facts constituting the claim, the default and the amount due" (CPLR 3215[f]; Bigio v Gooding, 213 AD3d 480, 481 [1st Dept 2023]). To demonstrate "facts constituting the claim," the movant need only proffer proof sufficient "to enable a court to determine that a viable cause of action exists" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003]; Bigio, 213 AD3d at 481). The movant may do so either by submission of an affidavit of merit or by verified complaint, if one has been properly served (see CPLR 3215[f]; Woodson, 100 NY2d at 70). Here, plaintiff sufficiently alleged that on a particular date, she slipped and fell on an "unsafe, dangerous, hazardous" condition on the sidewalk in front of premises owned by the Sierra Leone defendants, and that she sustained serious injuries as a result. These allegations were sufficient for a default judgment.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 20, 2023